Curia, per
Butler, J.
It is necessary to state, with some precision, that state of facts that has been established by the jury, before I advert to the legal proposition involved in this case, and upon which the judgment of the court will be mainly made to turn. As there is no finding for the plaintiff, for any part of his demand, we must conclude that the whole amount of the demand sued for was contracted by the husband of the defendant, in his life time. But for such finding, it might be questionable whether so much of it as amounted to twenty dollars, had not been contracted by the defendant herself, since her husband’s death. This question being settled by the verdicl, the next fact of importance is, that at the time of his death, the husband was a hopeless and intemperate pauper, having nothing then, or any thing which could, at a subsequent period, go into the hands of his administrator, to which creditors might resort for the payment of any part of their debts; for, what might have fallen to him, by the death of others in his life time, would, after his death, be transmitted directly to his distributees. We must also conclude from the verdict, what I suppose was the fact, that the plaintiff had taken the note of the defendant in payment and discharge of the demand which he held against her insolvent husband.
The following question, then, arises: is the Surviving widow of a pauper under any enforcible obligation to pay a promissory note given by her, shortly after her husband’s death, to one of his creditors, for a demand which had been contracted in his life time, in consideration that such demand should be discharged against the estate of the husband, by virtue of her undertaking to pay it % This question depends on another, and that is, was there a sufficient consideration, of which the law can take notice, to support the promise and undertaking of the defendant'? Some good or valuable consideration is essential to support all con *348 tracts ; and in general, where the party promising is to receive a benefit; or where the party to whom the promise is made, is subjected to detriment and prejudice, or is delayed and hindered in enforcing his rights, by the undertaking of the promisor, such undertaking will have a sufficient consideration to support it. We must therefore look to a benefit to the one, or an injury to the other, for the foundation of the consideration. This general principle of law cannot now be well disputed, that an undertaking to pay the debt of another, on condition that that other shall be entirely discharged from liability, is founded on a sufficient consideration, upon the ground that the promisor, in such case, has become an original debtor, on the discharge of the former debt, which is supposed to deprive the promisee of some previous advantage, or to subject him to some prejudice and delay in realizing it.
Comyn, in his Treatise on Contracts, thus states the rule : “ If it be a part of the agreement that the original debt be discharged, that is a sufficient consideration to support the undertaking of another to pay the debt: and the agreement need not be in writing ;” and that for the obvious reason, as Judge Nott observes, in the case of Boyce vs. Owens, 2 McCord, 208, “that the original debt being extinguished, it is no longer an undertaking to pay the debt -of another, because there is no such debt existing, but it is the newly created debt of the undertaker.”
These views are fully recognized by Earle, J., and are made the foundation of his judgment in the case of Corbet vs. Cochran, Riley’s Law Cases, 44. That case has been almost entirely relied on to support the grounds of this appeal. And if the case under consideration cannot be distinguished from it, it must be controlled by that decision. The case of Corbet vs. Cochran seems to have been this: Mrs. Pelot being indebted to the plaintiff, in the sum of $407, on a book account for merchandize, and the account being presented to her for payment, the defendant came to the plaintiff, produced the account, and assumed to pay it, in consideration that she should be discharged from the debt. Her account was accordingly credited in full, and the account was charged to the defendant, by his own direction. It was here held that the discharge of Mrs. Pe *349 lot’s debt was a sufficient consideration for defendant’s undertaking. The Judge remarks, “ the consideration to support an agreement need not, of necessity, be a pecuniary one, or even a beneficial one, to the person promising. If it be a loss, or even an inconvenience to the promisee, as the relinquishment of a right, or the postponement of a remedy, it will be enough.” This would go to shew, that as between the promisor and promisee in such cases, there must be some consideration , as between the person promised for, and the person promising, there need be no consideration moving. This being absolutely essential as between the promisor and promisee, and where, therefore, there is no consideration moving between them, I can see no reason why the undertaking to pay a sum of money shall not be regarded as nudum pactum.
In the case quoted, the demand against Mrs. Pelot may or may not have been available at the time. How that fact was, does not appear from the report. But it is certain that she was then alive ; and it does not follow that, although she might not then have been able to pay the debt, she would never be in a situation to pay it. The debt was not altogether worthless, so long as she might be alive ; for, during that time, she was capable of acquiring property that could be made subject to the operation of a. judgment against her on her property, should she leave any at her death. This mere right of the plaintiff, contingent and uncertain, let it be said, was something which he might not choose to forego and relinquish altogether, without an equivalent. When he discharged and relinquished it, therefore, he. gave up something that might be of value to him. He was, in this way, by the undertaking of the defendant, placed in a different situation from what he had previously occupied, and was thereby hindered in the demand of a right, and postponed in the enforcement of a remedy, which we have seen would be a sufficient consideration. Let these principles be applied to the case before the court. It cannot be pretended that the defendant derived any benefit from her incurring a liability to pay $300, from which she was entirely exempt before she gave her note. It was not urged that she gave her note to relieve *350 herself from any legal obligation. Place it in the most favorable point of view, it was a voluntary undertaking on her part to pay a debt for which she was not liable, and for the collection of which the plaintiff had no possible legal remedy. ’And the question recurs, did the plaintiff give up any right that was worth any thing, or suffer any loss by discharging a demand against a deceased pauper'? It seems to me it was no more than discharging a debt against a fictitious person, against whom it might have been charged, by way of exercise, in a book kept for the purpose of learning the art of book-keeping. The demand was utterly unavailable, and not worth the ink and paper employed in perpetuating it. The defendant’s undertaking must therefore be regarded as voluntary, and without benefit, so far as she was concerned, and one which subjected the plaintiff to no possible loss or detriment; and being thus without consideration, must be regarded as nudum pactum and void.
The principles here laid down should be guarded with great caution, and should be only applicable in cases whei’e it can be demonstrated that the promissor has received no benefit, and the promissee has suffered no possible injury.
There is no ground taken in the appeal, that the undertaking of the defendant could be supported on the ground of moral obligation, although much was said by the counsel on both sides, about the morality and justice of the case. There are cases in which eminent Judges have said that a moral obligation will be a suffieienct consideration to support an express promise to pay money. The abs.tract position thus laid down has been, in general, controlled by a state of facts that would resolve it into a question more resembling one of legal justice than moral obligation, founded in conscience and piety. Adopting Chancellor Harper’s remark, in the case of McMorris vs. Herndon: “ I suppose the moral obligation spoken of must be what moralists call a perfect obligation; an obligation of justice, and not of benevolence or piety.” And if this come to be the inquiry, where is the obligation of justice requiring a wife to pay a demand contracted by a husband, for the means of increasing and confirming him in his habits of ruinous in *351 temperance, and by which she and her children may have been reduced to poverty. Be that as it may, we have not the means of ascertaining the true state of facts indicating her obligation to discharge or repudiate her undertaking by the note in suit.
It may have been extorted from defendant, under some mistaken understanding of her liabilities, or from still more mistaken notions of gratitude for supposed favors. On the contrary, I will not undertake to say that the plaintiff may not have been actuated by good motives, or that he may not have afforded to the defendant and her children the necessary means of support. This is a matter that cannot be very well reached by any thing like the certainty of legal justice, and must be left to the conscience of the parties.
Taking the case as we find it, we are satisfied with the verdict, and therefore refuse the motion for a new trial.
O’Neall, Evans and Wardlaw, JJ. concurred.